

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Apr. 3, 1947

Hon. Ben L. King
County Attorney
Burnet County
Burnet, Texas

Opinion No. V-120

Re: Whether any individual,
association or corporation
other than a banking cor-
poration, association or
private banker may act as
county depository.

Dear Sir:

You request an opinion from this department upon the above subject matter as follows:

1. "Under Title 47, Chapter Two, Article 2546, Revised Civil Statutes of Texas, relating to selection by the Commissioners' Court of the county depository, would the Commissioners' Court be permitted thereunder, or by law, to select as the county depository, a partnership consisting of a group of individuals who are engaged in numerous pursuits for gain, but which is not organized as a business with banking privileges, has no paid up capital stock or permanent surplus and does not purport to be and in fact is not acting as a banking corporation, association or individual banker?

2. "If it is lawful for the Commissioners' Court to select such a partnership as the county depository, would a personal bond which is executed by the individual members of said partnership only, be in compliance with, and as contemplated in Article 2547, Section (a) of said Act?"

Chapter Two of Title 47 beginning with Article 2544 deals with the subject of county depositories. Article 2544 authorizes the Commissioners' Court to enter into a contract with any "banking corporation, association or individual banker" for the depositing of the public funds of the county in such bank or banks. Article 2545 provides for applications by "any banking corporation, association or individual banker" desiring to be designated as county depository.

Article 2546 makes it the duty of the Commissioners' Court on the first day of each term at which "banks" are to be selected as county depositories, to consider applications and make a selection or selections of a depository or depositories.

Article 2547 declares within fifteen days, it shall be the duty of the "banking corporation, association, or individual banker" so selected, to qualify as county depository.

It is obvious the statutes contemplate that the county depository must be a banking institution. If this were not clear enough from the statutes themselves, it would necessarily be true because the business of a depository of county funds is essentially the accepting of deposits and paying checks, which constitutes the one unfailing exclusive banking function.

In pursuance of Section 16, Article XVI of the Constitution, the Legislature has set up a comprehensive system for supervision, regulation and control of banking institutions, which is of special need in the matter of our depositories for public funds.

You are therefore advised that the Commissioners' Court is not authorized to select, as a county depository, any person, partnership, association or group of persons whatsoever other than a duly organized banking institution, association or private banker with banking privileges in this State.

We may add, however, that if such depository had been improvidently selected and had executed a depository bond to the county, such bond would be valid as a common law obligation protecting the county according to its terms. Such a bond would not be in compliance with Section (a) of Article 2547 of the statutes.

## SUMMARY

The Commissioners' Court of Burnet County is not authorized to select as the county depository any individual, partnership, or group of individuals whatsoever other than a banking corporation, association, or private bank. Articles 2544, et seq., V.C.S. A bond executed by an authorized depository would be good as a common law bond to protect the county.

Yours very truly,

APPROVED

APR 4, 1947

ATTORNEY GENERAL
OF TEXAS

OS/JMc/sl

ATTORNEY GENERAL OF TEXAS

By          Ocie Speer

Ocie Speer,
Assistant